IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUANITA WILLIAMS, on behalf of herself and others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 1:23-cv-292-RAH |
| CHOICE HEALTH INSURANCE, LLC, ) ) ) | |
| Defendant. ) | |

## PRELIMINARY APPROVAL ORDER

The Court has reviewed Plaintiff's *Unopposed Motion for Preliminary Approval of Class Action Settlement* (Doc. 35) and the Class Action Settlement Agreement ("Settlement Agreement").[1] Based on this review and the findings below, the motion is **GRANTED**.

## FINDINGS:

**1.** The Court hereby preliminarily approves the Settlement Agreement and the terms and conditions of settlement set forth therein, subject to further consideration at the Final Approval Hearing.

**2.** The Court has conducted a preliminary assessment of the fairness, reasonableness, and adequacy of the Settlement Agreement and hereby finds that the settlement falls within the range of reasonableness meriting possible final approval. The Court therefore preliminary approves the proposed settlement as set forth in the Settlement Agreement.

---

[1] Capitalized terms in this Order, unless otherwise defined, have the same definition as those terms in the Settlement Agreement.

**3.** The Claim Form, Long-Form Notice, and Summary Notice (all attached to the Settlement Agreement), and their manner of transmission, comply with Rule 32 and due process because the notices and forms are reasonably calculated to adequately apprise Class Members of (i) the pending lawsuit, (ii) the proposed settlement, and (iii) their rights, including the right to either participate in the settlement, exclude themselves from the settlement, or object to the settlement.

**4.** For settlement purposes only, the Class is so numerous that joinder of all Class Members is impracticable.

**5.** For settlement purposes only, Representative Plaintiff's claims are typical of the Settlement Class Members' claims.

**6.** For settlement purposes only, there are questions of law and fact common to the Settlement Class which predominate over any questions affecting only individual Settlement Class Members.

**7.** For settlement purposes only, class certification is superior to other available methods for the fair and efficient adjudication of the controversy.

Therefore, it is **ORDERED** that:

**8. Settlement Approval.** The Settlement Agreement, including the Claim Form, Long-Form Notice, and Summary Notice attached to the Settlement Agreement as Exhibits A–C, (Doc. 35-1 at 1–45) are hereby preliminarily approved.

**9. Appointment of the Settlement Administrator and the Provision Class Notice.** AB Data, Ltd. is appointed as the Settlement Administrator. The Settlement Administrator will notify Class Members of the settlement in the manner specified in the Settlement Agreement. The Court further finds that the Notice Plan described in the Settlement Agreement is the best practicable under the circumstances. The Notice Plan is reasonably calculated under the circumstances to inform the Settlement Class of the pendency of the Litigation, certification of a

Settlement Class, the terms of the settlement, Class Counsel's fee application, the Representative Plaintiff Award sought, the claim process, and their rights to opt out of the Settlement Class or object to the settlement. The Notices and Notice Plan satisfy all applicable requirements of law, including but not limited to Fed. R. Civ. P. 23 and the Constitutional requirement of due process.

10. **Claim for a Settlement Award.** Class Members who want to receive an award under the Settlement Agreement must accurately complete and submit a Claim Form to the Settlement Administrator by 60 days after the Notice Date.

11. **Objection to Settlement.** Any Class Member who has not submitted a timely written exclusion request to paragraph 13 below and who wishes to object to the fairness, reasonableness, or adequacy of the Settlement Agreement, the Fee Award, or the payment to Representative Plaintiff must deliver written objections to the Court no later than the Opt-Out Deadline. Written objections must be in writing, filed with the Court or mailed to the Clerk's Office of the United States District Court for the Middle District of Alabama, One Church Street, Montgomery, AL 36104, by no later than the Opt-Out Deadline. Any objection regarding or related to the Settlement Agreement shall contain a caption or title that identifies it as "Objection to Class Settlement in *Williams v. Choice Health Insurance, LLC*, No. 23-cv-292" and also shall contain the following information: (i) the objector's name, address, and telephone number; (ii) the name, address, and telephone number of any attorney for the objector with respect to the objection; (iii) the factual basis for his or her standing as a Class Member, including the phone number(s) at which he or she received call(s) or text(s) covered by the Settlement Agreement; and (iv) identification of the case name, case number, and court for any prior class action lawsuit the objector or objector's attorney (if applicable) has objected to a proposed class action settlement. If an objecting party chooses to appear at a hearing, no later than the Opt-Out Deadline, a notice of intention to appear, either in person or through

an attorney, must be filed with the Court and list the name, address, and telephone number of the person and attorney, if any, who will appear.

12. **Failure to Object to Settlement.** Settlement Class Members who fail to object to the Settlement Agreement in the manner specific above will: (1) be deemed to have waived their right to object to the Settlement Agreement; (2) be foreclosed from objecting (whether by a subsequent objection, intervention, appeal, or any other process) to the Settlement Agreement; and (3) not be entitled to speak at the Final Approval Hearing.

13. **Requesting Exclusion.** Settlement Class Members may elect not to be part of the Settlement Class and not to be bound by this Settlement Agreement. Individual requests for exclusion must be sent via first class United States mail to the Settlement Administrator at the address set forth in the Notice and postmarked no later than the Opt-Out Deadline. A request for exclusion must be signed by the Class Member, and must include the Class Member's name, address, and the telephone number that allegedly received a call made by or on behalf of Defendant during the Settlement Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and Settlement Agreement. A request for exclusion that does not include all of this information, or that is sent to an address other than that designated in the Notice, or is not postmarked within the specific time specified, shall be invalid, and the person serving such a request shall be a member of the Settlement Class and shall be bound as a Class Member by the Court's Orders in this Litigation and by the Settlement Agreement, if approved. The request for exclusion must be personally signed by the Class Member. So-called "mass" or "class" opt-outs shall not be allowed.

14. **Provisional Certification.** The Settlement Class is provisionally certified as "all persons through the United States to whom Choice Health Insurance, LLC placed, or caused to be placed, a call where (1) the call was directed to a

telephone number registered on the National Do Not Call Registry for at least 30 days, (2) Digital Media Solutions, LLC provided Defendant with the telephone number (but excluding telephone numbers that Zeeto Group provided to Digital Medial Solutions, LLC and that Digital Media Solutions, LLC then provided to Defendant) and (3) the telephone number had at least two calls placed to it in a 12-month period."

15. **Conditional Appointment of Class Representative and Class Counsel.** Plaintiff is conditionally certified as the class representative to implement the Parties' settlement in accordance with the Settlement Agreement. The law firms of Murray Murphy Moul + Basil LLP and Paronich Law, P.C. are conditionally appointed as Class Counsel. Plaintiff and Class Counsel must fairly and adequately protect the Class's interests.

16. **Stay of Other Proceedings.** The Court hereby orders that any actions or proceedings in any court in the United States involving any Released Claims asserted by any Releasing Parties, except any matters necessary to implement, advance, or further the approval of the Settlement Agreement are **STAYED** pending the Final Approval Hearing and issuance of any final order and judgment.

17. **Termination.** If the Settlement Agreement terminates for any reason, the following will occur: (a) class certification will be automatically vacated; (b) Representative Plaintiff and Class Counsel will stop functioning as the class representative and class counsel, respectively, except to the extent previously appointed by the Court; and (c) this Litigation will revert to its previous status in all respects as it existed immediately before the Parties executed the Settlement Agreement, other than as to payments made to, or owed for work already incurred by, the Settlement Administrator. Neither the settlement terms nor any publicly disseminated information regarding the settlement, including without limitation, the Notice, court filings, orders, and public statements may be used as evidence. In

addition, neither the fact of, nor any documents relating to, any Party's withdrawal from the settlement, any failure of the Court to approve the settlement, and/or any objections or interventions may be used as evidence.

18. **No Admissions.** Nothing in this Order is, or may be construed as, an admission or concession on any point of fact or law by or against any Party.

19. **Stay of Dates and Deadlines.** All discovery and pretrial proceedings and deadlines are **STAYED** and **SUSPENDED** until further notice from the Court, except for such actions as are necessary to implement the Settlement Agreement and this Order.

20. **Modifications.** Counsel for the Parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement which are not materially inconsistent with either this Preliminary Approval Order or the terms of the Settlement Agreement. The Parties may further modify the Settlement Agreement prior to the Final Approval Hearing so long as such modifications do not materially change the terms of the settlement provided therein. The Court may approve the Settlement Agreement with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

21. **Final Approval Hearing.** On **July 9, 2024 at 10 AM** in **Courtroom 2D** at the Frank M. Johnson Courthouse located at One Church Street, Montgomery, AL 36104, this Court will hold a Final Approval Hearing to determine whether the Settlement Agreement should be finally approved as fair, reasonable, and adequate and whether the Final Approval Order and Judgment should be entered. Plaintiff's and Class Counsel's motion for attorneys' fees and expenses for Class Counsel shall be filed thirty (30) days after the Notice Date. Representative Plaintiff's motion in support of Final Approval shall be filed fifteen (15) days before the Final Approval Hearing. This Court may order the Final Approval Hearing to be postponed, adjourned, continued, or set for remote appearances. If that occurs, the updated

hearing date or location shall be posted on the Settlement Website, but other than the website posting, the Parties will not be required to provide any additional notice to Settlement Class Members.

**22. Summary Timeline.** The Settlement Agreement and this Order provide for the following timeline dates and deadlines related to the provision of notice and the Final Approval Hearing:

| **Event** | Date |
|---|---|
| Notice Date | 30 days after Preliminary Approval |
| Deadline for filing papers in support of Class Counsel's application for an award of attorneys' fees and expenses | 30 days after Notice Date |
| Opt-Out Deadline | 60 days after Notice Date |
| Claims Deadline | 60 days after Notice Date |
| Deadline for filing Motion for Final Approval | 15 days prior to Final Approval Hearing |
| Responses to Objections | 7 days prior to Final Approval Hearing |
| Final Approval Hearing | July 9, 2024 |

**DONE,** on this the 20th day of February, 2024.

_____
R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE