IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JUANITA WILLIAMS, *on behalf of herself and others similarly situated,*<br><br>        Plaintiff,<br><br>v.<br><br>CHOICE HEALTH INSURANCE, LLC,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)  Case No. 1:23-cv-292-RAH<br>)<br>)<br>)<br>)<br>) |

## **FINAL APPROVAL ORDER AND JUDGMENT**[1]

Pending before the Court is Plaintiff Juanita Williams's and Class Counsel's unopposed *Motion for Class Counsel Fees and Expenses* (doc. 37) and unopposed *Motion for Final Approval of Class Action Settlement* (doc. 40).  The Court conducted a hearing on the motions on July 9, 2024.  Having considered the motions, heard the arguments of counsel, and reviewed the record, the motions are due to be granted, but with the requested relief modified as follows.

## **BACKGROUND**

This is a class action. Plaintiff Juanita Williams alleges that Defendant Choice Health Insurance, LLC ("Choice Health") violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (TCPA), when Choice Health initiated numerous telephone solicitation calls to Plaintiff's residential telephone number, which had been listed on the Do Not Call Registry.  Plaintiff filed suit against Choice

---

[1] Unless otherwise noted, all capitalized terms in this Final Approval Order and Judgment shall have the same meaning as ascribed to them in the Settlement Agreement (doc. 35-1) between Plaintiff Juanita Williams ("Representative Plaintiff") and Defendant Choice Health Insurance, LLC (together, "the Parties").

Health on May 2, 2023, on behalf of herself and other similarly situated class members.

On December 15, 2023, the Parties notified the Court that a settlement had been reached between Plaintiff, individually and on behalf of all others similarly situated, and Choice Health. On February 13, 2024, Plaintiff filed an *Unopposed Motion for Preliminary Approval* (doc. 35).

On February 20, 2024, the Court entered an order preliminarily approving the class action settlement and approving the settlement class notice ("Preliminary Approval Order") (doc. 36).   The Court also approved the form, content, and procedure of the Notice to the Settlement Class, and preliminarily and conditionally certified, for settlement purposes only, a class defined as:

> [A]ll persons throughout the United States to whom Choice Health Insurance, LLC placed, or caused to be placed, a call where (1) the call was directed to a telephone number registered on the National Do Not Call Registry for at least 30 days, (2) Digital Media Solutions, LLC provided Defendant with the telephone number (but excluding telephone numbers that Zeeto Group provided to Digital Media Solutions, LLC and that Digital Medial Solutions, LLC then provided to Defendant) and (3) the telephone number had at least two calls placed to it in a 12-month period.

(Doc. 36 at 4–5.)  In addition, the Court scheduled a final approval hearing for July 9, 2024.

On July 9, 2024, the Court conducted the final approval hearing.  At the hearing, the Court considered among other things: (1) whether to finally certify a Settlement Class for settlement purposes only; (2) whether the terms and conditions of the Settlement Agreement were fair, reasonable, and adequate and should be finally approved; (3) whether the Notice and claim procedures complied with Federal Rule of Civil Procedure 23 and due process; (4) what amount to award Class

Counsel for attorneys' fees and expenses; and (5) whether to enter this Final Approval Order and Judgment, dismiss all claims asserted in this action on the merits, and bind the Settlement Class Members to the Releases set forth in the Settlement Agreement ("Final Approval Order").

At the hearing, Class Counsel were present, as was counsel for Choice Health. No one attended who objected to any aspect of the proceedings or settlement.

Now, therefore, the Court **FINDS** and **ORDERS** as follows:

1.      Plaintiff's unopposed *Motion for Final Approval of Settlement* (doc. 40) is **GRANTED IN PART.**

2.      The Court has personal jurisdiction over the Parties and the Settlement Class Members, venue is proper, and the Court has subject matter jurisdiction to approve the Settlement Agreement, including all exhibits thereto, and to enter this Final Approval Order.  Without in any way affecting the finality of this Final Approval Order, this Court hereby retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Approval Order, and for any other necessary purpose for a period of one (1) year from the date of this Order.

3.      The settlement, and accompanying Settlement Agreement, was negotiated at arm's length with the assistance of a neutral mediator, the Hon. Sidney I. Scheniker (Ret.) of Judicial Arbitration and Mediation Services, Inc. (JAMS), by experienced counsel for the Parties who were fully informed of the facts and circumstances of this litigation and of the strengths and weaknesses of their respective positions.  The Settlement Agreement was reached after the Parties had engaged in a day-long mediation and extensive settlement discussions.  Counsel for the Parties were therefore well positioned to evaluate the strengths and weaknesses of the claims and defenses at issue, and the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation.

## I.    Certification of Settlement Class

4.    The Court finds for settlement purposes only, as more fully discussed below, that the prerequisites for a class action under Fed. R. Civ. P. 23 have been satisfied for each Settlement Class Member: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable;  (b) there are questions of law common to the Settlement Class; (c) the claims of Representative Plaintiff are typical of the claims of the Settlement Class she seeks to represent; (d) Representative Plaintiff and Class Counsel have and will continue to fairly and adequately represent the interests of the Settlement Class for purposes of entering into the Settlement Agreement; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; (f) the Settlement Class is ascertainable; and (g) a class action is superior to the other available methods for the fair and efficient adjudication of the controversy.

5.    Applying these factors: (a) the Settlement Class consists of 276,177 Settlement Class Members, making joinder impracticable; (b) the Settlement Class has common questions of law, such as whether (i) Choice Health had the recipient's express prior consent, (ii) Choice Health appropriately screened Class Members on the Do Not Call Registry, and (iii) Class Members are entitled to statutory damages; (c) Juanita Williams's claim is typical to other Class Members' claims because the claims arise from Choice Health's single course of conduct and are based on the same legal theories; (d) Class Counsel are experienced class action attorneys who have experience in TCPA class actions, and there is no conflict of interest between Juanita Williams and the Settlement Class Members; (e) questions common to all Settlement Class Members focus on Choice Health's conduct, such as whether prior consent existed to make the violative calls, and can be resolved based on common evidence; (f) the Settlement Class is ascertainable, as it consists of 276,177

individuals; and (g) a class action is superior to individual actions due to the large number of claims and individuals, the relatively small statutory damages, the desirability of adjudicating these claims consistently, and the likelihood that individual members would not have a great interest in prosecuting their claims individually. (Doc. 35 at 16–20.)

6.    Pursuant to Fed. R. Civ. P. 23, the Court hereby finally certifies the Settlement Class, as identified in the Settlement Agreement and Preliminary Order as:

> All persons throughout the United States to whom Choice Health Insurance, LLC placed, or caused to be placed, a call where (1) the call was directed to a telephone number registered on the National Do Not Call Registry for at least 30 days, (2) Digital Media Solutions, LLC provided Defendant with the telephone number (but excluding telephone numbers that Zeeto Group provided to Digital Media Solutions, LLC and that Digital Medial Solutions, LLC then provided to Defendant) and (3) the telephone number had at least two calls placed to it in a 12-month period.

7.    This Settlement Class consists of 276,177 individuals.  (Doc. 40-2 at ¶ 12.)  Excluded from the Settlement Class are three individuals who submitted timely and valid Requests for Exclusion from the Settlement Class.  The excluded individuals are found in Exhibit 1 of this Final Approval Order.  The individuals who have excluded themselves are not eligible to claim, receive, or use a Settlement Award.

## II.    Appointment of Class Representative and Class Counsel

8.    The Court designates Plaintiff Juanita Williams as the Class Representative.

9.      The Court appoints Brian K. Murphy and Jonathan P. Misney of Murray Murphy Moul + Basil LLP; and Anthony I. Paronich of Paronich Law, P.C. as Class Counsel for the Settlement Class.  The Court further finds that Class Counsel is experienced in class litigation and have adequately represented the Settlement Class.  In particular, the Court notes that Class Counsel have been appointed as class counsel in no fewer than 45 TCPA class actions and 18 other class action proceedings and, therefore, have litigated no fewer than 60 class actions in total.  (Doc. 35-2 at ¶ 19; Doc. 35-3 at ¶ 8.)

### III.   Notice and Claims Process

10.     The Court makes the following findings on notice to the Settlement Class:

a.      The Court finds that the *distribution* of the Class Notice, as provided for in the Settlement Agreement and the Preliminary Approval Order, (i) constituted the best notice practicable under the circumstances to Settlement Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Settlement Class Members of, among other things, the pendency of the Action, the nature and terms of the proposed Settlement, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable law.  In particular, the Court notes that the Notice Plan informed Class Members of the terms of the Settlement and their options for remaining a part of the Settlement, for objecting to the Settlement or Class Counsel's fee application, for opting out of the Settlement, for submitting a claim, and for obtaining additional information about the

Settlement.  Specifically, the individualized Postcard Notices reached 88.7% of the Settlement Class, and the reach was further enhanced by the Class Settlement Website.  (Doc. 40-3 at ¶¶ 4–7.)  If a Postcard Notice was returned as undeliverable, the Settlement Administrator used credit-bureaus and other public-source databases to find an updated mailing address and remail the Postcard Notice.  (*Id.* at ¶ 5.)  The Settlement Administrator also established a toll-free telephone number dedicated to answering inquiries from Settlement Class Members.  (*Id.* at ¶ 8.)  Further, the Court has reviewed the Notice Plan and its attendant documents, including the Postcard Notice, and characterizes the language therein as straightforward, easy to understand, and designed to inform Class Members of their rights and deadlines.

        b.    The Court finds that the Class Notice and methodology set forth in the Settlement Agreement, the Preliminary Approval Order, and this Final Approval Order (i) constitute the most effective and practicable notice of the Final Approval Order, the relief available to Settlement Class Members pursuant to the Final Approval Order, and applicable time periods; (ii) constitute due, adequate, and sufficient notice for all other purposes to all Settlement Class Members; and (iii) comply fully with the requirements of Fed. R. Civ. P. 23, the United States Constitution, the Rules of this Court, and any other applicable laws.  *See Adams v. S. Farm Bureau Life Ins. Co.*, 493 F.3d 1276, 1287 (11th Cir. 2007) (finding notice was proper when mailers were sent to identified class members' last known address, a corrected second notice was sent after it was returned undelivered, and notice was posted on the class action website); *Greco v. Ginn Dev. Co., LLC.*, 635 F. App'x 628, 634 (11th Cir. 2015) (finding that notice was proper where "all material facts were available to class members because a full copy of the settlement agreement, and the release, were available on a website referenced in the

Notice."). *But see Twigg v. Sears, Roebuck & Co.*, 153 F.3d 1222, 1228–29 (11th Cir. 1998) (finding a two-page notice with a vague, one sentence description of the type of claim involved violative of due process).

      c.     The Court finds that the Settlement Award claims process and procedures set forth in the Settlement Agreement are fair, reasonable, and adequate to the Settlement Class Members. The claim procedures and Claim Form are attached as Exhibit 2[2] to this Final Approval Order.  Specifically, any Class Member who elected not to participate in the Settlement must mail their written request for exclusion no later than the opt-out deadline.  Those who sought to object to the Settlement were informed to file such objections with the Court or mail them to the Clerk by the opt-out deadline, and they were afforded the right to be heard at the final approval hearing and present evidence.

## IV.    Payment to Representative Plaintiff

11.    In the Settlement Agreement, a payment of $10,000 was allocated for "services performed" by the Representative Plaintiff, including taking on the risks of litigation and helping achieve the results to be made available to the Settlement Class in addition to any payment received from the settlement fund.  After inquiry from the Court (doc. 42) about the legality of this type of award in the Eleventh Circuit in light of recent cases on the issue, Class Counsel later informed the Court that it was withdrawing the request for the $10,000 incentive/service payment to Representative Plaintiff.  (Doc. 44 at 2.)  Therefore, the request for approval of the $10,000 to Class Representative is denied as moot.

---

[2] The Claim Form and claim procedures were filed prior to the Court's preliminary approval of the Settlement.  Therefore, specific information related to dates, times, the toll-free telephone number, mailing addresses, and website address are not filled out.

## V.     Final Approval of the Class Action Settlement

12.     The Settlement Agreement, as modified according to this Final Approval Order, is finally approved as fair, reasonable, and adequate, and in the best interests of each of the Parties and the Settlement Class Members, except as to the release language which is narrowed as discussed below.

13.     The Court orders the Parties to the Settlement Agreement to perform their obligations thereunder.  The terms of the Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court, except as to the release language which is modified (narrowed) as set forth below.

## VI.     Release of Claims

14.     The Court dismisses this Litigation with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement) as to Representative Plaintiff and all Settlement Class Members' claims against Choice Health.  Upon the Effective Date:

a. The Released Parties shall be completely released, acquitted, and forever discharged from the Released Claims.

b. The Releasing Parties hereby fully, finally, and forever release, waive, discharge, surrender, forego, give up, abandon, and cancel the Released Claims against Released Parties.

c. All Releasing Parties will be forever barred and enjoined from prosecuting or joining in any action against the Released Parties asserting any Released Claims.

15.     As used in this Final Approval Order and Judgment[3]:

---

[3] This language is substantially unaltered from the release provision contained in the Settlement Agreement.  (Doc. 35-1.)  However, language has been added to clarify that the Released Claims are not intended to foreclose suits against Choice Health for any claims resulting from the contents

a.     "Released Claims" means any and all claims, causes of action, suits, obligations, debt, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown (including Unknown Claims), suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, that arise out of or relate in any way to telephone calls made by or on behalf of Choice Health Insurance, LLC, including, but not limited to, claims asserting violations of the TCPA, any corollary or state laws similar to the TCPA and Telemarketing Sales Rule (TSR), or any enactment of any other statutory, regulatory, or common law claim arising thereunder.   In the avoidance of doubt, the foregoing description of Released Claims is not intended to and shall not be construed to extend to claims arising from or relating to the contents or substance of any calls with Choice Health, including, but not limited to, claims for fraud or misrepresentation.

b.     "Released Parties" means Choice Health and each of its past, present, and future members, owners, direct and indirect parents, subsidiaries, managers, divisions, predecessors, successors, holding companies, and affiliated companies and corporations, and each of the past, present, and future directors, officers, managers, employees, contractors, general partners, limited partners, investors, controlling persons, owners, trustees, principals,

---

of any calls placed by Choice Health.  This clarifying language, which narrows the scope of the release, does not materially alter the Releases found in the Settlement Agreement.

agents, associates, administrators, insurers, reinsurers, shareholders, attorneys, accountants, advisors, consultants, assignors, assignees, representatives, fiduciaries, predecessors, successors, divisions, joint ventures, or related entities of those companies, including but not limited to, the vendors, subvendors, contractors, subcontractors, and service providers retained to make calls (or which were involved in making calls for another of the Released Parties). "Released Parties" does not include Digital Media Solutions, LLC or any of its affiliates (together, "DMS") or any person or entity that provided leads to DMS that DMS provided to Choice Health or Alight Solutions, LLC. The release of any third parties is limited to any actions taken on behalf of Choice Health.

c.     "Releasing Parties" means Representative Plaintiff and the Settlement Class Members (whether or not such Settlement Class Members submit Claim Forms) and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such), and all those who claim through them or who assert claims (or could assert claims) on their behalf.

d.     "Unknown Claims" means claims that could have been raised in the Litigation and that Representative Plaintiff or any or all other Releasing Parties, or any of them, do not know or suspect to exist, which, if known by such individual or entity, might affect their agreement to release the Released Parties pursuant to the provisions of this Agreement, or might affect their decision to agree, object, or not object to the Settlement. Upon the Effective Date, Representative Plaintiff and all other Releasing Parties shall be deemed to have, and shall have, expressly waived and relinquished, to the fullest extent permitted by law, the provisions, rights, and benefits of § 1542 of the

California Civil Code.[4]  Upon Effective Date, Representative Plaintiff and all other Releasing Parties also shall be deemed to have, and shall have, waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States, or principle of common law, of the law of any jurisdiction outside the United States, which is similar, comparable, or equivalent to § 1542 of the California Civil Code.  Representative Plaintiff and the other Releasing Parties acknowledge that they may discover facts in addition to or different from those that they now know or believe to be true with respect to the subject matter or the release but that it is their intention to finally and forever settle and release the Released Claims pursuant to the provisions of this Agreement, notwithstanding any Unknown Claim they may have, as that term is defined in this paragraph.

16.    The Court further adjudges that, upon entry of this Final Approval Order and Judgment, the Settlement Agreement and the above-described release of the Released Claims will be binding on, and have *res judicata* preclusive effect in, all pending and future lawsuits or other proceedings maintained by or on behalf of Representative Plaintiff and all other Settlement Class Members who did not validly and timely exclude themselves from the Settlement, and their respective predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them as set forth in the Settlement Agreement. The Released Parties may file the Settlement Agreement and this Final Approval Order and Judgment in any action or proceeding that may be brought against them to support a defense or counterclaim based on principles of *res judicata*, collateral

---

[4] California Civil Code §1542 states that "[a] general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party."

estoppel, release, good faith settlement, judgment bar, or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

17.    Representative Plaintiff and Settlement Class Members who did not validly and timely request exclusion from the Settlement and each of their predecessors, successors, heirs, executors, administrators, assigns, and anyone claiming by, through, or on behalf of them are permanently barred and enjoined from asserting, commencing, prosecuting, or continuing any of the Released Claims or any of the claims described in the Settlement Agreement against any of the Released Parties.

## VII.   Attorneys' Fees and Expenses

18.    Class Counsel's unopposed *Motion for Class Counsel Fees and Expenses* (doc. 37) is **GRANTED.**

19.    The Court approves payment of attorneys' fees in the amount of $2,100,000.00 and expenses in the amount of $25,020.19.  This amount shall be paid from the Settlement Sum in accordance with the terms of the Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees and expenses, finds the award of attorneys' fees and expenses appropriate and reasonable for the reasons as discussed in more detail below.  First, the Court finds that the Settlement provides substantial benefits to the Settlement Class as it provides a Settlement Fund of $7,000,000 and a change by Choice Health of practices aimed at curbing telemarketing law violations, which Class Counsel estimates to have a value of $2,278,460 annually.  Second, the Court finds the payment fair and reasonable given the substantial work performed by Class Counsel and the significant risks involved in this litigation.  Third, the Court concludes that the Settlement was negotiated at arms-length without collusion and that the negotiation of attorneys' fees only followed agreement on the settlement benefits for the Settlement Class Members.

Finally, the Court notes that the Class Notice specifically and clearly advised the Settlement Class that Class Counsel would seek an award in the amount sought. The Notice documents advise Settlement Class Members that Class Counsel intended to request fees in an amount not to exceed one-third of the Settlement Sum, plus reimbursement of out-of-pocket expenses incurred in the litigation. (*See* doc. 35-1 at 42.) This language was provided in the Long-Form Notice, which was found on the Class Settlement Website that Class Members were provided on their Postcard Notice. No objections to the requested attorneys' fees and expenses were filed with the Court. And while the claim rate was low, approximately 2.01%, courts within this Circuit and beyond have approved claims-made class settlements where the claims rate was similarly low, including approving single-digit claims rates. *See, e.g, Poertner v. Gillette Co.*, 618 F. App'x 624, 625–26 (11th Cir. 2015) (affirming approval of 7.26 million-member settlement class when just 55,346—less than 1%— filed claims); *Perez v. Asurion Corp.*, 501 F. Supp. 2d 1360, 1377 (S.D. Fla. 2007) (approving 10.3 million-member settlement class when fewer than 119,000 people—approximately 1.1% of the class—filed claims); *see also Sullivan v. DB. Invs., Inc.*, 667 F.3d 273, 329 n.60 (3d Cir. 2011) (en banc) (noting evidence that claim rates in consumer class settlements "rarely" exceed 7%, "even with the most extensive notice campaigns." (citation omitted)); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944–45 (9th Cir. 2015) (affirming approval of 35 million-member settlement class when only 1.183 million—less than 4%—filed claims).

20.     In addition, the Court has applied the factors articulated in *Camden I Condo. Ass'n, Inc. v. Dunkle*, 946 F.2d 768 (11th Cir. 1991), to confirm the reasonableness of fees and costs requested. The Court finds and concludes that the following applicable factors support the requested attorneys' fees and costs:

### a.  <u>Time and Labor Required</u>

The work required of Class Counsel was extensive. These efforts required representing Plaintiff and the Settlement Class without compensation.  Class Counsel devoted time and resources to investigating the claims against Choice Health, researching and developing the legal claims at issue, preparing for and attending mediation, negotiating and drafting the Settlement Agreement, drafting the preliminary approval documents, and attending to all actions required as a result of the Preliminary Approval Order. (Doc. 37-2 at ¶ 13; Doc. 37-3 at ¶ 3.)  While no depositions or extensive discovery were conducted, such a fact does not count against Class Counsel because the purpose of the "percentage method" of awarding fees "is to encourage early settlements by not penalizing efficient counsel[.]"  *Gunter v. Ridgewood Energy Corp.*, 223 F.3d 190, 198 (3d Cir. 2000) (citation omitted). In other words, attorneys' hours are one of many factors to consider.

### b.  <u>Case Involved Difficult Issues; Risk of Nonpayment and Not Prevailing on the Claims Were High</u>

Courts have long recognized that, "'particularly in class action suits, there is an overriding public interest in favor of settlement,' . . . because . . . 'class action suits have a well-deserved reputation as being most complex.'" *In re Pool Prods. Distrib. Mkt. Antitrust Litig.*, 310 F.R.D. 300, 316 (E.D. La. 2015) (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)). "Settlement has special importance in class actions with their notable uncertainty, difficulties of proof, and length." *Montoya v. PNC Bank, N.A.*, No. 14-cv-20474-Goodman, 2016 WL 1529902, at *7 (S.D. Fla. Apr. 13, 2016) (citation and internal quotations omitted). Here, Class Counsel worked on this matter on a contingency basis, meaning only a successful trial or settlement would result in payment.  (Doc. 37-2 at ¶ 18.)  And as Class

Counsel discussed at the final approval hearing, this case involved difficult substantive issues that presented a significant risk of loss at the summary judgment stage, and therefore nonpayment, including significant dispositive defenses available to Choice Health such as consent and safe harbor policies which would bar recovery, *see, e.g, Johansen v. Efinancial LLC*, No. 2:20-cv-1351-RAJ-BAT, 2021 WL 7161969, at *9–12 (W.D. Wash. June 11, 2021) (granting summary judgment due to defendant's safe harbor policies), *report and recommendation adopted*, No. 2:20-cv-1351-DGE, 2022 WL 168170 (W.D. Wash. Jan. 18, 2022), as well as lack of actual damages to the Plaintiff and the Settlement Class and the uncertainty involved in class certification. Even had Plaintiff prevailed at the summary judgment stage of the proceeding and achieved a successful result at trial, recovery of statutory damages of any significant amount was highly questionable.  Therefore, due to the high likelihood of dismissal on the merits had this matter proceeded to summary judgment, there was a high risk of nonpayment in this Litigation.

**c. <u>Class Counsel Achieved an Excellent Result for the Settlement Class</u>**

Class Counsel achieved excellent monetary results for Settlement Class Members.  Here, the Settlement required Choice Health to make available for the Settlement Class approximately $7,000,000.00 in cash, or approximately $33.79 per class member.  Thus, the Settlement will produce a per person cash benefit that is well within the range of recoveries allowed in other court approved TCPA class action settlements.  *See, e.g., Spillman v. RPM Pizza, LLC*, No. 10-349-BAJ-SCR, 2013 WL 2286076, at *4 (M.D. La. May 13, 2013) ($15 per claimant); *Parker v. Stoneledge Furniture, LLC*, No. 8:21-cv-740-CEH-AEP, 2022 WL 2452623, at *3 (M.D. Fla. July 6, 2022) (between $10 for one violation in cash up to $40 per claimant in vouchers for two violations); *Markos v. Wells Fargo Bank, N.A.*, No. 1:15-cv-1156-LNM, 2017

16

WL 416425, at *4 (N.D. Ga. Jan. 30, 2017) (approximately $24 per claimant). While the maximum recovery for an individual Class Member could be $1,500 under the best circumstances, where Choice Health's conduct was found to be willful and intentional, no evidence presented suggests the existence of any such conduct. And further, the finder of fact easily could award damages substantially less than the $500 per claimant, given the lack of actual harm and intent to cause harm that exists here. *See* 47 U.S.C. § 227(b)(3). It is important to note that the assessment of damages here would require the fact finder to ascertain what value to place on an uninvited solicitation phone call, even if the call went unanswered. This assessment would also be measured by Choice Health's defenses, which Class Counsel acknowledged were substantial and could have resulted in summary judgment for Choice Health, leaving no recovery available to the Representative Plaintiff and Class Members.

**d. <u>The Requested Fee is Consistent with Customary Fees Awarded in Similar Cases</u>**

Many similar TCPA class settlements provide for one third of the settlement fund for attorneys' fees. Here, Class Counsel's requested fee of 30% of the Settlement Fund is consistent with similar cases. *See, e.g., Hanley v. Tampa Bay Sports & Ent. LLC*, No. 8:19-cv-550-CEH-CPT, 2020 WL 2517766, at *6 (M.D. Fla. Apr. 23, 2020) (collecting cases and stating that "district courts in the Eleventh Circuit routinely approve fee awards of one-third of the common settlement fund" and approving class counsel fees of more than one third of a TCPA settlement fund); *Wolff v. Cash 4 Titles*, No. 03-22778-CIV, 2012 WL 5290155, at *5 (S.D. Fla. Sept. 26, 2012) ("The average percentage award in the Eleventh Circuit mirrors that of awards nationwide—roughly one-third."), *report and recommendation adopted*, No.

03-22778-CIV, 2012 WL 5289628 (S.D. Fla. Oct. 25, 2012).  The Settlement Agreement contains both compensatory and equitable relief.  The Settlement Fund is $7,000,000, while the equitable relief is valued at not less than $2,278,460, for a grand total of $9,278,460.  (Doc. 35-1 at ¶ 1.1.39; Doc. 37 at 10–11.)  However, for the purposes of attorneys' fees, Class Counsel is only seeking 30% of compensatory relief, not the entire Settlement value.  The outcome was made possible by Class Counsel's extensive experience in litigating class actions of similar size, scope, and complexity to the instant action.  Class Counsel regularly engage in complex litigation involving consumer issues, and all have been class counsel in numerous consumer class action cases, including cases brought under the TCPA.

## VIII.  No Admission of Liability

21.    Neither this Final Approval Order and Judgment, nor the Settlement Agreement, nor the payment of any consideration in connection with the Settlement shall be construed or used as an admission or concession by or against Choice Health or any of the Release Parties of any fault, omission, liability, or wrongdoing, or of the validity of any of the Released Claims.  This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Litigation or a determination of any wrongdoing by Choice Health or any of the Released Parties. The final approval of the Settlement does not constitute any position, opinion, or determination of this Court, one way or another, as to the merits of the claims or defenses of Representative Plaintiff, the Settlement Class Members, or Choice Health.

## IX.    Miscellaneous

22.    No objections to the Settlement Agreement have been filed with the Court or to the Parties' knowledge.

23.     The Parties, without further approval from the Court, are permitted to agree to and adopt such amendments, modifications, and expansions of the Settlement Agreement and its implementing documents (including all exhibits to the Settlement Agreement) so long as they are consistent in all material respects with the Final Approval Order and Judgment and do not limit the rights of the Settlement Class Members.

## CONCLUSION

Accordingly, it is **ORDERED** that:

1. The *Motion for Final Approval of Class Action Settlement* (doc. 40) is **GRANTED IN PART.**  As Class Counsel has withdrawn the request for a Representative Plaintiff award, that request will be **DENIED AS MOOT.**

2. The *Motion for Class Counsel Fees and Expenses* (doc. 37) is **GRANTED.**

3. Finding that there is no just reason for delay, the Court **ORDERS** that this Final Approval Order shall constitute a final judgment pursuant to Fed. R. Civ. P. 54.

4. The Clerk of Court is **DIRECTED** to close this case.

**DONE,** on this the 22nd day of July, 2024

R. AUSTIN HUFFAKER, JR.
UNITED STATES DISTRICT JUDGE

# EXHIBIT 1

**CHOICE HEALTH TCPA SETTLEMENT EXCLUSION REPORT**

Postmark Deadline 5/20/24

| | Name 1 | Postmark Date | Received Date | Timely? | Name of the Business | Address | Exclusion Statement | Signed? | Notes | Exclusion ID # |
|---|---|---|---|---|---|---|---|---|---|---|
| 1. | Kathryn Bohn Holsomback | 3/29/2024 | 4/5/2024 | Y | N/A | | Y | Y | | 502830911 |
| 2. | Earline Willis | 4/1/2024 | 4/11/2024 | Y | N/A | | Y | Y | | 502830912 |
| 3. | Nancy Jackson | 5/13/2024 | 5/21/2024 | Y | N/A | | Y | Y | | 502830913 |

Prepared by A.B. Data, Ltd.  6/14/2024

# EXHIBIT 2

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

## CLAIM FORM

### Section I - Instructions

**This Form must be received by the Settlement Administrator no later than [Month] [Day],   [Year].**

This Claim Form may be submitted in one of two ways:

1. Electronically through www.[xxx].com.
2.
3. Mail to: *Choice Health TCPA Settlement,* c/o ___, [Address], [City] [State], [Zip Code].

To be effective as a Claim under the proposed settlement, this form must be completed, signed, and sent, as outlined above, **no later than [Month] [Day], [Year].** If this Form is not postmarked or submitted by this date, you will remain a member of the Class but will not receive any payment from the Settlement.

### Section II - Class Member Information

**Claimant Name (Required):**

**Claimant Identification Number (Required):**

**Current Contact Information**

**Street Address (Required):**

**City (Required):**                **State (Required):**     **Zip Code (Required)**

**Preferred Phone Number (Required):**

*Your contact information will be used by the Settlement Administrator to contact you, if necessary, about your Claim. Provision of your email address is optional. By providing contact information, you agree that the Settlement Administrator may contact you about your Claim.*

### Section III – Confirmation of Class Membership

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

Telephone Number(s) for which you were the regular user or subscriber from May 2, 2019 through **[preliminary approval date]**:

|  |  |  |
|---|---|---|
|  |  |  |
|  |  |  |

---

## Section IV – Required Affirmations

IF SUBMITTED ELECTRONICALLY:

☐ **I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code].  Checking this box constitutes my electronic signature on the date of its submission.**

IF SUBMITTED BY U.S. MAIL:

**I agree that, by submitting this Claim Form, the information in this Claim Form is true and correct to the best of my knowledge.  I understand that my Claim Form may be subject to audit, verification, and Court review.  I am aware that I can obtain a copy of the full notice and Settlement Agreement at www.[xxxx].com or by writing the Settlement Administrator at the email address [xxxx]@[xxxx].com or the postal address [Address], [City], [State] [Zip Code].**

Dated:_____                Signature: _____

**SETTLEMENT ADMINISTRATOR ADDRESS (*where to send the completed form if submitting by mail*):**

*Choice Health TCPA Settlement*, c/o _____, [Address], [City], [State] [Zip Code].

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

*Juanita Williams v. Choice Health Insurance, LLC,* No 23-cv-292

# If you received a telemarketing call from Choice Health, you may be entitled to a payment from a class action settlement.

*A court authorized this notice. You are **not** being sued. This is **not** a solicitation from a lawyer.*

- Call records indicate that you may be affected by a Settlement[1] of a class action lawsuit claiming that Defendant Choice Health Insurance, LLC ("Choice Health") violated a federal law called the Telephone Consumer Protection Act ("TCPA"). Choice Health denies that it violated the law.

- The lawsuit is called *Juanita Williams v. Choice Health Insurance, LLC*, Case. No 23-cv-292. Judge R. Austin Huffaker, Jr. decided that this settlement should be a class action on behalf of a Class, or group of people that could include you, and a Settlement has been reached affecting this Class.

- The Settlement offers payments to Class Members who file valid Claims.

- Your legal rights are affected whether you act or do not act. Read this notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| SUBMIT A CLAIM FORM | If you are a member of the Class, you must submit a completed Claim Form to receive a payment of up to $33.79 per claimant. If the Court approves the Settlement and it becomes final and effective, and you remain in the Class, you will receive your payment by check. |
| EXCLUDE YOURSELF | You may request to be excluded from the Settlement and if you do, you will receive no benefits from the Settlement. |
| OBJECT | Write to the Court and appear at a hearing if you do not like the Settlement. |
| DO NOTHING | You will not receive a payment if you fail to timely submit a completed Claim Form, and you will give up your right to bring your own lawsuit against Choice Health about the claims in this case. |

- These rights and options—**and the deadlines to exercise them**—are explained in this notice.

- The Court in charge of this case still has to decide whether to approve the Settlement. If it does, and after any appeals are resolved, benefits will be distributed to those who submit qualifying Claim Forms. Please be patient.

| WHAT THIS NOTICE CONTAINS |
|---|

---

[1] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement.

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

**BASIC INFORMATION**.................................................................................................**PAGE 3**
    1. Why is there a notice?
    2. What is this litigation about?
    3. What is the Telephone Consumer Protection Act?
    4. Why is this a class action?
    5. Why is there a settlement?

**WHO IS PART OF THE SETTLEMENT**................................................................**PAGE 4**
    6. Who is included in the Settlement?
    7. What if I am not sure whether I am included in the Settlement?

**THE SETTLEMENT BENEFITS**..........................................................................**PAGE 4**
    8. What does the Settlement provide?
    9. How do I file a Claim?
    10. When will I receive my payment?

**EXCLUDING YOURSELF FROM THE SETTLEMENT**.....................................**PAGE 5**
    11. How do I get out of the Settlement?
    12. If I do not exclude myself, can I sue Defendant for the same thing later?
    13. What am I giving up to stay in the Class?
    14. If I exclude myself, can I still get a payment?

**THE LAWYERS AND THE PLAINTIFF REPRESENTING YOU**.........................**PAGE 6**
    15. Do I have a lawyer in the case?
    16. Should I get my own lawyer?
    17. How will the lawyers be paid?

**OBJECTING TO THE SETTLEMENT**...................................................................**PAGE 6**
    18. How do I tell the Court I do not like the Settlement?
    19. What is the difference between objecting and asking to be excluded?

**THE FINAL APPROVAL HEARING**.....................................................................**PAGE 7**
    20. When and where will the Court decide whether to approve the Settlement?
    21. Do I have to attend the hearing?
    22. May I speak at the hearing?

**IF YOU DO NOTHING**.......................................................................................**PAGE 7**
    23. What happens if I do nothing at all?

**GETTING MORE INFORMATION**......................................................................**PAGE 7**
    24. How do I get more information?

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

## BASIC INFORMATION

**1. Why was this notice issued?**

The Court authorized this notice because you have a right to know about a proposed Settlement of a class action lawsuit. You have legal rights and options that you may exercise before the Court decides whether to give final approval to the Settlement, as described below. Judge R. Austin Huffaker, Jr. of the United States District Court for the Middle District of Alabama is overseeing this class action. The lawsuit is called *Williams v. Choice Health Insurance, LLC*, No. 23-cv-292 (M.D. Ala.).

**2. What is this lawsuit about?**

Plaintiff Williams claims that Choice Health violated the Federal Telephone Consumer Protection Act (TCPA) by making unsolicited telemarketing calls to numbers on the National Do Not Call Registry. Choice Health denies these allegations.

**3. What is a class action and who is involved?**

In a class action, one or more people called "class representatives" (in this case, Juanita Williams) sue on behalf of a group of people who may have similar claims. The people together are a "class" or "class members." The individual who sues—and all the class members like them—is called the plaintiff. The company that they sue (in this case, Choice Health) is called the Defendant. In a class action, the Court resolves the issues for all class members, except for those who exclude themselves from the class.

**4. Why is this lawsuit a class action?**

The Court decided that this lawsuit can be a class action because it meets the requirements of Federal Rule of Civil Procedure 23, which governs class actions in federal courts.

**5. Why is this there a settlement?**

The Court has not found in favor of Plaintiff or Choice Health. Instead, the parties have agreed to a Settlement. By agreeing to the Settlement, the parties avoid the costs and uncertainty of a trial, and if the Settlement is approved by the Court, Class Members will receive the benefits described in this notice. Choice Health denies all legal claims in this case, but is settling to avoid the uncertainties and costs attendant with litigation. Plaintiff and his lawyers think the proposed Settlement is best for everyone who is affected.

## WHO IS PART OF THE CLASS AND SETTLEMENT

You need to determine whether you are affected by this lawsuit.

**6. Am I part of the class and included in the settlement?**

The Settlement includes the following class that the Court certified: all persons throughout the United States to whom Choice Health Insurance, LLC placed, or caused to be placed, a call where (1) the call was directed to a telephone number registered on the National Do Not Call Registry for at least 30 days (2) Digital Media Solutions, LLC provided Defendant with the telephone number (but excluding telephone numbers that Zeeto Group provided to Digital Media Solutions, LLC and that Digital Media Solutions, LLC then provided to Defendant) and (3) the telephone number had at least two calls placed to it in a 12-month period.

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

You may be part of the class if you received a telemarketing call from Choice Health and:

- Your name and phone number appeared in calling records obtained for this case, in which case you may have received a notice postcard from the settlement administrator.

- Even if you did not get a postcard, you may still be part of the class if your cell phone number appears in the calling records obtained for this case. If you would like to check your cell phone number against the calling records, please call the Settlement Administrator at [###-#####] and provide your name, cell phone number, and a current email.

### 7. What if I'm still not sure if I am included?

If you are still not sure whether you are included, you can call the *Williams v. Choice Health Insurance, LLC* Settlement Administrator at [###-#####]. Or you can get free help by calling the lawyers in this case at the phone number listed in question 24.

## THE SETTLEMENT BENEFITS

### 8. What does the settlement provide?

Choice Health has agreed to a Settlement Sum of $7,000,000. The Settlement Sum will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, and all Approved Claims. Members of the Class who submit Approved Claims shall receive an amount not to exceed thirty-three dollars and seventy-nine cents ($33.79). In the event that claims exceed a certain threshold the amount will be reduced to ensure that sufficient funds are available to pay all Approved Claims. Only Approved Claims will be paid. Only one claim per Class Member per telephone number on the Class List will be validated and deemed an Approved Claim. There may be tax consequences to the Class Member associated with this recovery.

Choice Health has also agreed to terminate its relationship with the vendor that sold it the class member data used to make the calls at issue, Digital Media Solutions.

### 9. How do I file a claim?

If you qualify for a cash payment you must complete and submit a valid Claim Form. You can file your Claim Form online at www.xxxxx.com, send it by email to xxxx@xxxx.com, or send it by U.S. Mail to the address below. The deadline to file a Claim online or by email is **11:59 p.m. PST on DATE**.

Claim Forms submitted by mail must be postmarked on or before **DATE** to:

Choice Health Settlement Administrator
PO Box XXX, City, State XXXXX-XXXX

No matter which method you choose to file your Claim Form, please read the Claim Form carefully and provide all the information required.

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

| **10. When will I receive my payment?** |
| --- |

Payments to Class Members will be made only after the Court grants Final Approval to the Settlement and after any appeals are resolved (*see* "Final Approval Hearing" below). If there are appeals, resolving them can take time. Please be patient.

## EXCLUDING YOURSELF FROM SETTLEMENT

If you do not want benefits from the Settlement, and you want to keep the right to sue or continue to sue Choice Health on your own about the legal issues in this case, then you must take steps to get out of the Settlement. This is called excluding yourself – or it is sometimes referred to as "opting-out" of the Class.

| **11. How do I get out of the settlement?** |
| --- |

To exclude yourself from the Settlement, you must send a timely letter by mail to:

Choice Health Settlement Administrator
PO Box XXX
City, State XXXXX-XXXX

Your request to be excluded from the Settlement must be personally signed by you, be dated, include your full name (or, if a business, business name), address, and the telephone number that allegedly received calls from Choice Health during the Class Period, and must clearly state that the Person wishes to be excluded from the Litigation and the Agreement. Absent excluding yourself or "opting-out" you are otherwise a member of the Class.

Your exclusion request must be postmarked no later than **DATE**. You cannot ask to be excluded on the phone, by email, or at the website. Opt outs must be made individually and cannot be made on behalf of other members of the Class.

| **12. If I do not exclude myself, can I sue the defendant for the same thing later?** |
| --- |

No. Unless you exclude yourself, you give up the right to sue Choice Health or any of the Released Parties for the claims that the Settlement resolves. You must exclude yourself from this Settlement to pursue your own lawsuit.

| **13. What am I giving up to stay in the settlement?** |
| --- |

Unless you opt-out of the Settlement, you cannot sue or be part of any other lawsuit against Choice Health or any of the Released Parties asserting any of the Released Claims, including any existing litigation, arbitration, or proceeding. Unless you exclude yourself, all of the decisions and judgments by the Court will bind you.

The Settlement Agreement is available at www.xxxxx.com. The Settlement Agreement provides more detail regarding the release and describes the Released Claims with specific descriptions in necessary, accurate legal terminology, so read it carefully.

| **14. If I exclude myself, can I still get a payment?** |
| --- |

No. You will not get a payment from the Settlement Sum if you exclude yourself from the Settlement.

## THE LAWYERS AND THE PLAINTIFF REPRESENTING YOU

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

**15. Do I have a lawyer in the case?**

The Court has appointed Murray Murphy Moul + Basil LLP and Paronich Law to represent the Class. They are called "class counsel." They are experienced in handling similar class action cases. More information about these lawyers, their law firms, and their experience is available at www.paronichlaw.com.

**16. Should I get my own lawyer?**

You are not required to hire your own lawyer because class counsel is working on your behalf. If you want to hire your own lawyer, you certainly can, but you will have to pay that lawyer yourself. If you do hire your own lawyer, they may enter an appearance for you and represent you individually in this case.

**17. How will the lawyers be paid?**

You do not have to pay class counsel, or anyone else, to participate. Instead, Class Counsel intend to request attorneys' fees in an amount not to exceed one-third of the Settlement Sum, plus reimbursement of out-of-pocket expenses incurred in the litigation. The fees and expenses awarded by the Court will be paid out of the Settlement Sum. The Court will decide the amount of fees and expenses to award.

## OBJECTING TO THE SETTLEMENT

**18. How do I tell the Court if I do not like the Settlement?**

If you are a member of the Class (and do not exclude yourself from the Class), you can object to any part of the Settlement. To object, you must timely submit a letter that includes the following:

1) A caption or title that identifies it as "Objection to Class Settlement in *Juanita Williams v. Choice Health Insurance, LLC*, Case. No 23-cv-292. (M.D. Al.)";
2) Your name, address, and telephone number;
3) The name, address, and telephone number of any attorney for you with respect to the objection;
4) The factual basis and legal grounds for the objection, including any documents sufficient to establish the basis for your standing as a Class Member, including the phone number(s) at which you received call(s) covered by this Settlement;
5) Identification of the case name, case number, and court for any prior class action lawsuit in which you and/or your attorney (if applicable) has objected to a proposed class action settlement; and
6) Submit yourself immediately to discovery and/or deposition by the parties.

If you wish to object, you must file your objection with the Court by (a) using the Court's electronic filing system, (b) mailing it to the Clerk's Office of the United States District Court for the Middle District of Alabama, One Church Street, Montgomery, AL 36104, or (c) filing it in person at that location. Your objection must be filed and/or postmarked by **DATE**.

**19. What is the difference between objecting and asking to be excluded?**

Objecting is telling the Court that you do not like something about the Settlement. You can object to the Settlement only if you do not exclude yourself. Excluding yourself is telling the Court that you do not want to be part of the Settlement. If you exclude yourself, you have no basis to object to the Settlement because it no longer affects you.

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

## THE FINAL APPROVAL HEARING

The Court will hold a hearing to decide whether to approve the Settlement and any requests for attorneys' fees and Expenses ("Final Approval Hearing").

| **20. When and where will the Court decide whether to approve the settlement?** |
|---|

The Court has scheduled a Final Approval Hearing on **DATE at TIME**, in **ADDRESS**. The hearing may be moved to a different date or time, or may be set for remote appearances, without additional mailed notice, so it is a good idea to check www.xxxxxTCPAsettlement.com for updates. At this hearing, the Court will consider whether the Settlement is fair, reasonable, and adequate. The Court will also consider the requests by Class Counsel for attorneys' fees and Expenses. If there are objections, the Court will consider them at that time. After the hearing, the Court will decide whether to approve the Settlement. It is unknown how long these decisions will take.

| **21. Do I have to attend the hearing?** |
|---|

No. Class Counsel will answer any questions the Court may have. You are welcome to attend the hearing at your own expense.

| **22. May I speak at the hearing?** |
|---|

If you attend the Final Approval Hearing, you may ask the Court for permission to speak if you have timely objected and you so choose. However, you cannot speak at the hearing if you exclude yourself from the Settlement.

## IF YOU DO NOTHING

| **23. What happens if I do nothing at all?** |
|---|

If you are a member of the Class and do nothing, meaning you do not file a timely Claim, you will not get benefits from the Settlement. Further, unless you exclude yourself, you will be bound by the judgment entered by the Court.

## GETTING MORE INFORMATION

| **24. Where do I get more information?** |
|---|

For more information, call the Settlement Administrator at 1-___-___- ____, write to the Settlement Administrator, [address], or call Class Counsel at 1-___-___-____. For a complete, definitive statement of the Settlement terms, refer to the Settlement Agreement at www.xxxxxTCPAsettlement.com.

**PLEASE DO NOT TELEPHONE THE COURT OR THE COURT CLERK'S OFFICE TO INQUIRE ABOUT THIS SETTLEMENT OR THE CLAIM PROCESS.**

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF ALABAMA

*Juanita Williams v. Choice Health Insurance, LLC,* No 23-cv-292

# If you received a telemarketing call from Choice Health, you may be entitled to a payment from a class action settlement.

*A court authorized this notice. You are **not** being sued. This is **not** a solicitation from a lawyer.*

Call records indicate that you may be affected by a Settlement[2] of a class action lawsuit claiming that Defendant Choice Health, LLC ("Choice Health") violated a federal law called the Telephone Consumer Protection Act ("TCPA").  Choice Health denies that it violated the law.

The lawsuit is called *Juanita Williams v. Choice Health Insurance, LLC* Case. No 23-cv-292 (M.D. Al.). Judge R. Austin Huffaker, Jr. decided that this settlement should be a class action on behalf of a Class, or group of people that could include you, and a Settlement has been reached affecting this Class.

The Settlement offers payments to Class Members who file valid Claims. Your legal rights are affected whether you act or do not act.  Read this notice carefully.

**Who's Included?** The Settlement includes the following class that the Court certified: all persons throughout the United States to whom Choice Health Insurance, LLC placed, or caused to be placed, a call where (1) the call was directed to a telephone number registered on the National Do Not Call Registry for at least 30 days (2) Digital Media Solutions, LLC provided Defendant with the telephone number (but excluding telephone numbers that Zeeto Group provided to Digital Media Solutions, LLC and that Digital Media Solutions, LLC then provided to Defendant) and (3) the telephone number had at least two calls placed to it in a 12-month period.

You are receiving this notice because your name and phone number appeared in calling records obtained for this case.

**What are the Settlement Terms?** Choice Health has agreed to a Settlement Sum of $7,000,000.  The Settlement Sum will be used to pay all settlement costs, including settlement administration costs, any attorneys' fees, costs, and expenses awarded to Class Counsel by the Court, and all Approved Claims. Members of the Class who submit Approved Claims shall receive an amount not to exceed thirty-three dollars and seventy-nine cents ($33.79). In the event that claims exceed a certain threshold, the amount will also be reduced to ensure that sufficient funds are available to pay all Approved Claims. Only Approved Claims will be paid.  Only one claim per telephone number will be validated and deemed an Approved Claim.

---

[2] Capitalized terms herein have the same meanings as those defined in the Settlement Agreement.

DocuSign Envelope ID: 015B2F54-1C90-4776-8B6B-0F5FA93CB4D8

Choice Health has also agreed to terminate its relationship with the vendor that sold it the class member data used to make the calls at issue. Digital Media Solutions.

**How can I get a Payment?** By completing the Claim Form attached to this notice and submitting it by U.S. mail to the Settlement Administrator at the address on the Claim Form. You may also download or file a Claim Form online at www.xxxxxTCPAsettlement.com or by email to xxxx@xxxxx.com. If you send in a Claim Form by regular mail, it must be postmarked on or before **DATE**. The deadline to file a Claim Form online or by email is **11:59 p.m. PST on DATE**.

**What are my Other Options?** If you do not want to be legally bound by the Settlement, you must exclude yourself by **DATE** by sending the Settlement Administrator a letter that complies with the procedure set forth in the Settlement, available at the settlement website. If you do not exclude yourself, you can share in the Settlement Sum by completing and submitting a Claim Form, and you will release any claims you may have, as more fully described in the Settlement Agreement, available at the Settlement Website. Even though you submit a Claim Form, you may object to the Settlement by **DATE** by complying with the objection procedures detailed in the Settlement. The Court will hold a Final Approval Hearing on **DATE** to consider whether to approve the Settlement and a request for attorneys' fees not to exceed one third of the Settlement Sum and reimbursement of Expenses. If you properly object, you may appear at the hearing, either yourself or through an attorney hired by you, but you do not have to. For more information, call the Settlement Administrator or visit the Settlement Website.

**www.xxxxxTCPAsettlement.com**                                        **(xxx) xxx-xxxx**